# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

|  |  |
|---|---|
| Demetric Hardaway, | C/A No.: 8:20-cv-00149-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Lori Myers, Frances Johnson, Nicole Chapman, Edsel Taylor, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge, recommending the Court dismiss Plaintiff's Complaint without leave to amend and without issuance and service of process. (Dkt. No. 15). For the reasons set forth below, the Court adopts the R & R in part as the Order of the Court and dismisses part of Plaintiff's complaint.

### I. Background

Demetric Hardaway ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. He brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently incarcerated at the MacDougall Correctional Institution at the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 11). Plaintiff filed an Amended Complaint on February 28, 2020. (*Id.*) He alleges Defendants violated his First, Eighth, and Fourteenth Amendment rights. (*Id.* at 3). Plaintiff alleges that Defendants exposed him to "unhealthy, hazardous, and unsanitary work conditions." (*Id.* at 5). Plaintiff alleges that between February and May 2019 he worked on the litter crew where he was assigned to pick up or remove trash, debris, or other items found along South

1

Carolina's roads and interstates. (*Id.*) He alleges the litter crew supervisors "negligently failed to provide inmates with supplies and equipment required to complete their daily tasks" to include adequate food and drink. (*Id.*) In addition, Plaintiff alleges the litter crew supervisors violated SCDC's policy detailing occupational safety and health. (*Id.*) Plaintiff alleges he shared his concerns with supervisors and staff members, specifically Defendant Lori Myers and Edsel Taylor, but to no avail. (*Id.* at 5–6).

Plaintiff alleges he filed an inmate grievance on May 30, 2019 regarding the inadequate work conditions. (*Id.* at 6). Defendant Myers was assigned to investigate the grievance, which according to Plaintiff, violated SCDC's inmate grievance policy, which prohibits an employee addressed in a grievance from investigating that grievance. (*Id.*) Plaintiff characterized this as prejudicial to his First Amendment "right to access the court." (*Id.*) Plaintiff alleges that on June 11, 2019, Defendant Nicole Chapman reassigned him to work at the chicken farm. (*Id.*) He alleges Defendant Chapman attempted to coerce him to sign a job board review wavier by threatening to charge him with a disciplinary charge for failure to sign. (*Id.* at 6–7). Plaintiff alleges he did not sign the job board review waiver and was denied a job board review hearing which he alleges violated his Fourteenth Amendment procedural due process rights. (*Id.*)

Plaintiff alleges his reassignment to work at the chicken farm was a retaliatory response to his filing a grievance. (*Id.*) According to Plaintiff his projected date for a facility transfer was July 14, 2019. (*Id.*) He alleges Defendants Chapman and Myers were aware of his desire to transfer facilities and they knew a job reassignment would hinder him from transferring according to the projected date. (*Id.*)  Plaintiff alleges that on June 12, 2019 he spoke to Associate Warden Storm about Myers' assigning him to the chicken farm. (*Id.* at 8). Plaintiff submitted a kiosk to Storm on June 15, 2019 but Storm allegedly declined to entertain it as

Plaintiff had sent a similar request to Defendant Taylor. (*Id.*) Plaintiff received a response on June 21, 2019 from Defendant Taylor finding no fault in Defendant Myers' conduct. (*Id.*) According to Plaintiff, the report indicates Plaintiff was reassigned for complaining about work conditions litter crew. (*Id.*)

Plaintiff alleges that on June 25, 2019, he filed a request for an investigation into Myers' conduct as it related to his retaliation claim. (*Id.*) According to Plaintiff, Defendant Johnson told him that he could not file such a grievance investigating Myers' conduct especially with regard to his reassignment to the chicken farm. (*Id.*) Plaintiff alleges this information was false and infringed on Plaintiff's right to access the court under the First Amendment. (*Id.* at 9). He alleges Johnson marked his second grievance as a duplicate when it was not. (*Id.*) He alleges no actions were taken regarding his second grievance. (*Id.* at 9). On August 21, 2019, Plaintiff forwarded a request to staff member where he alleges he conveyed his deep concerns for the present condition of the inmate grievance system at McDougall Correctional Institution and has yet to receive a response. (*Id.* at 10).

Plaintiff brings multiple claims. First, he asserts an Eighth Amendment violation against Defendants Myers and Taylor alleging he was subjected to "unhealthy, hazardous, and unsanitary conditions of confinement" and that Defendants exhibited deliberate indifference. (*Id.* at 10). Second, Plaintiff brings a First Amendment claim for retaliation against Defendant Myers for removing Plaintiff from litter crew and reassigning him to chicken farm after he reported alleged Eighth Amendment violations. (*Id.* at 10). Third, Plaintiff brings a Fourteenth Amendment procedural due process claim against Defendant Chapman, alleging she deprived Plaintiff of a job board review hearing prior to reassigning Plaintiff. (Dkt. No. 11 at 10). Fourth, Plaintiff asserts a First Amendment claim for denial of access to courts and inmate grievance

system against Defendant Johnson, alleging she misrepresented the claims of Plaintiff's second grievance which prevented grievance from being heard. (*Id.* at 11). Fifth, Plaintiff asserts a claim for civil conspiracy against Defendant Myers, Taylor, and Johnson, alleging Defendants conspired to interfere with Plaintiff's right to seek redress for alleged Eighth Amendment violations and to deprive him of his procedural due process rights throughout the job reassignment, and refused to act on a grievance related to Myers' alleged misconduct. (*Id.*) Plaintiff alleges that he suffers from fluctuating blood pressure, weight loss, and financial losses. (*Id.* at 12).

On March 11, 2020, the Magistrate Judge issued an R & R recommending the Court summarily dismiss Plaintiff's complaint without leave to amend and without service and issuance of process. (Dkt. No. 15). On April 23, 2020, Plaintiff filed objections to the R & R. (Dkt. No. 21).

## II.   Legal Standard

### A.   Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where Plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

4

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). The Plaintiff has filed objections and the R & R is reviewed *de novo*.

**B.     Failure to State a Claim**

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding in forma pauperis. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

**C.     *Pro Se* Pleadings**

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege

5

facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.    Discussion

#### 1. Eighth Amendment Claim

The Magistrate Judge comprehensively analyzed Plaintiff's Eighth Amendment claim and correctly concluded this claim should be dismissed. In order for liability to attach to an alleged Eighth Amendment violation, two elements must be met. First, the inmate must "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk thereof. *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014). This requires the Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Second, the Plaintiff must show that the prison official that allegedly violated Plaintiff's rights had a "sufficiently culpable state of mind." *Danser*, 772 F.3d at 346. In this context, the required state of mind is a "deliberate indifference to inmate health or safety." *Id.* at 347. This inquiry requires "evidence suggesting that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. *Id.* In addition, the Defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* v. *Brennan*, 511 at U.S. 825, 837 (1970).

Plaintiff alleges that Defendants Myers and Taylor violated the Eighth Amendment because Plaintiff was subjected to unhealthy, hazardous, and unsanitary conditions of confinement, and Defendants were deliberately indifferent to those deprivations. (Dkt. No. 11 at

6

10). This is based on a theory of supervisory liability. (*Id.*) Plaintiff alleges prison staff failed to provide inmates working on litter crew with "supplies and equipment required to complete their daily task(s) to include adequate food and drink." (*Id.* at 5). In his objections to the R & R, Plaintiff argues the Magistrate Judge erroneously determined that his claim fails to allege the type of extreme deprivations necessary to satisfy the objective component of an Eighth Amendment claim. (Dkt. No. 21 at 1–4). Further, Plaintiff argues that the Magistrate Judge erroneously held Plaintiff to a heightened pleading standard and if the court had accepted Plaintiff's allegations as true, his allegations would be sufficient to establish an Eighth Amendment violation. (*Id.*)

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). The objective component of an Eighth Amendment claim is contextual and responsive to 'contemporary standards of decency.'" *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). For instance, "extreme deprivations are required to make out a conditions-of-confinement claim . . . [and] only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). In order for the restriction of food to rise to the level of a constitutional violation, there must be some facts of adverse effects caused by the condition and inadequacy of the food. *See Johnson v. Ozmint*, 456 F. Supp. 2d 688, 698 (D.S.C. 2006) (citing *Harrison v. Stallings*, 898 F.2d 145, 1990 WL 27233 (4th Cir. 1990) (dismissing claims as to cold food in insufficient quantities where plaintiff made no factual allegation of adverse effects caused by the condition of the food). The Magistrate Judge correctly determined that "[p]laintiff's cursory allegation that inmates, while working on the litter crew, were denied adequate food and water, without more, fails to allege an extreme

deprivation. *Rhodes*, 452 U.S. at 347 (explaining that an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement" related to a work assignment). Further, "[i]f a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Although Plaintiff generally alleges that he suffered weight loss and fluctuating blood pressure, he failed to identify any specific injury tied to his conditions of confinement claim.

In addition, the Magistrate Judge correctly determined that Plaintiff fails to establish an Eighth Amendment claim based on a theory of supervisory liability. Plaintiff alleges Defendants Myers and Taylor are subject to supervisory liability for his Eighth Amendment claim because they were supervisors and failed to protect him from hazardous and unsanitary working conditions. (Dkt. No. 11 at 10). Yet, the doctrine of respondeat superior is generally not applicable to § 1983 actions. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Certain elements must be met in order to hold a supervisor liable for constitutional injuries inflicted by a subordinate such as: (1) the supervisor was actually or constructively aware of a risk of constitutional injury; (2) the supervisor was deliberately indifferent to that risk; and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter*, 164 F.3d at 1221. Here, Plaintiff has failed to allege Defendants Myers and Taylor had actual or constructive knowledge of subordinates engaging in conduct that posed a constitutional risk of injury to inmates such as Plaintiff. This Court agrees with the Magistrate Judge that Plaintiff's allegations fail to state a claim under the Eighth Amendment.

### 2. First Amendment Retaliation Claim

The Magistrate Judge analyzed Plaintiff's first amendment retaliation claim and concluded that this claim should be dismissed. Plaintiff alleges Defendant Myers removed Plaintiff from litter crew assignment and reassigned him to the chicken farm after Plaintiff filed a grievance reporting the alleged Eighth Amendment violation. (Dkt. No. 11 at 10).

To establish a retaliation claim, a Plaintiff must show that he suffered some harm in response to the exercise of a constitutionally protected right, or the retaliatory action itself must violate such a right. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (noting that a plaintiff must allege facts that the alleged retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right.) For purposes of a First Amendment retaliation claim under § 1983, a "plaintiff suffers an adverse action if the Defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005). The elements of a First Amendment retaliation claim under § 1983 are: (1) Plaintiff's right to speak was protected; (2) Defendant's alleged retaliatory action adversely affected the Plaintiff's constitutionally protected speech; and (3) a causal relationship existed between Plaintiff's speech and Defendant's retaliatory action. *Suarez Corp. Indus. V. McGraw*, 202 F.3d 676, 685–86 (4th Cir. 2000).

In this case, the Magistrate Judge concluded that Plaintiff failed to allege facts showing Defendant Myers' alleged retaliatory action adversely affected his constitutionally protected speech. (Dkt. No. 15 at 13). The Magistrate Judge continued that prisoners do not have a constitutional right to work assignments and thus Plaintiff failed to show an adverse impact on any constitutional right. *Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978). The Magistrate Judge

9

concluded that because prisoners do not have a constitutional right to work assignments, the allegedly retaliatory conduct here would not likely deter a person of ordinary firmness from the exercise of first Amendment rights. (Dkt. No. 15 at 13).

In his objections to the R & R, Plaintiff argues that he has a right to petition the government for redress and when he filed grievances he was engaging in constitutionally protected activity. (Dkt. No. 21 at 4). The Fourth Circuit has held that "an inmate has a right to file a prison grievance free from retaliation clearly established under the First Amendment." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 543 (4th Cir. 2017) (collecting cases from the Second, Sixth, Seventh, Eighth, Ninth, Eleventh, and D.C. Circuits that have recognized in published decisions that inmates possess a right, grounded in the First Amendment's Petition Clause, to be free from retaliation in response to filing a prison grievance).[1] *See e.g., Williams v. Meese*, 926 F.2d 994, 998 (10th Cir) ( explaining that "the district court erred in dismissing plaintiff's claim that he was denied particular job assignments or was transferred from one job to another in retaliation for filing administrative grievances or the present civil rights action. Again, although plaintiff has no right to a job or any particular assignment, prison officials cannot punish plaintiff for exercising his first amendment rights . . ."). Liberally construing Plaintiff's *pro se* complaint, the Court finds that Plaintiff sufficiently states a claim of retaliation for filing a grievance in violation of his First Amendment right to petition the government. The Court declines to adopt the ruling of the Magistrate Judge that Plaintiff fails to state a first amendment retaliation claim.

### 3. Fourteenth Amendment Due Process Claim

---

[1] *Booker*, 855 F.3d at 543 (also collecting unpublished Fourth Circuit opinions that have found an inmate can bring a First Amendment claim alleging retaliation for filing a grievance, *Wright v. Vitale*, 937 F.2d 604, 1991 WL 127597, at *1 (4th Cir. 1991); *Gullet v. Wilt*, 869 F.2d 593, 1989 WL 14614, at *2 (4th Cir. 1989)).

Plaintiff brings a Fourteenth Amendment due process claim against Defendant Chapman, alleging she denied him a review board hearing prior to reassigning him to work at the chicken farm. (Dkt. No. 11 at 10). In his objections to the R & R, Plaintiff argues that prison policies create some liberty and property interest with respect to a job board review, and the denial of a job board review violates Plaintiff's due process rights. (Dkt. No. 21 at 6). Upon a review of the complaint, Plaintiff failed to demonstrate a liberty interest in prison employment or work assignment. "An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the due process clause." *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) (citing *Altizer v. Padernick*, 569 F.2d 812, 813 (4th Cir. 1978) (finding no denial of Due Process rights when prison administrators removed prisoner from job assignment without a hearing and explaining that classifications and work assignments of prisoners in penal institutions are matters of prison administration, within the discretion of the prison administrators, and do not require fact-finding hearings as a prerequisite for the exercise of such discretion.) Thus, the Magistrate Judge correctly concluded that absent a constitutionally protected liberty or property interest, a denial of due process claim is unsupportable.

   **4. First Amendment Denial of Access to the Court Claim**

The Magistrate Judge ably concluded that Plaintiff's first amendment denial of access to court claim should be dismissed. Plaintiff alleges Defendant Johnson's treatment of Plaintiff's second grievance equates to a denial of access to court. In his objections to the R & R, Plaintiff argues that Defendant Johnson manipulated the grievance process after he filed a grievance requesting an investigation of Defendant Myers. (Dkt. No. 21 at 7). In order to prevail on a denial of access to court claim, a plaintiff must demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349-353 (1996); *Long v. Vaughan*, 652

F. App'x 176, 179 (4th Cir. 2016) (citing *Lewis* and explaining that in order to prevail on a claim of denial of access to the court, a prisoner must demonstrate actual injury or that the prison policies hindered his effort to pursue a legal claim.) Plaintiff has failed to allege any facts demonstrating that he has been prevented from filing and litigating a civil action based on Defendant Johnson's alleged failure to process his grievance. Thus, the Court agrees with the ruling of the Magistrate Judge that Plaintiff's denial of access to the court claim is subject to dismissal.

### 5. Civil Conspiracy Claim

The Magistrate Judge analyzed Plaintiff's civil conspiracy claim and ably concluded that it should be dismissed. Plaintiff alleges Defendants engaged in a civil conspiracy against him by interfering with his right to seek redress for his Eighth Amendment violations, depriving him of his procedural due process rights, and refusing to act on his grievances. (Dkt. No. 11 at 11). Plaintiff's objections to the R & R on this point are without merit. Plaintiff argues that "the Magistrate Judge should have drawn a reasonable inference Defendant's tacitly came to a mutual understanding to deprive Plaintiff of a constitutional right.". (Dkt. No. 21 at 7). Yet, to establish civil conspiracy under § 1983, a Plaintiff must allege the defendants acted "jointly in concert and that some overt act was done in furtherance of the conspiracy" which resulted in the deprivation of the plaintiff's constitutional right. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). The Magistrate Judge ruled that Plaintiff makes the bare, conclusory allegation that Defendants conspired to violate his constitutional rights, but fails to allege any facts to support such a claim. Further, no common purpose is alleged, and nothing beyond conclusory allegations of conspiracy are made." *Ruttenberg v. Jones*, 283 F. App'x 121, 132 (4th Cir. 2008).

The Court agrees with the Magistrate Judge that Plaintiff's civil conspiracy claim is subject to dismissal.

IV.     **Conclusion**

For the reasons discussed above, the Court **ADOPTS IN PART** R & R as the Order of the Court.  (Dkt. No. 15).  The Court **DECLINES TO ADOPT** the determination of the Magistrate Jude that Plaintiff fails to state a retaliation claim in violation of his First Amendment rights beginning with (i) the sentence beginning on Page 1, line 7 and ending on Page 1, line 8; (2) the sentence beginning on Page 13, line 1 and ending on Page 13, line 20; (3) the sentence beginning on Page 17, line 7 and ending on Page 17, line 9.  The R & R is otherwise **ADOPTED**.  The Court **DISMISSISES** Plaintiff's Eighth Amendment Claim; First Amendment denial of access to courts claim; civil conspiracy claim; and due process claim.  This case is returned to the Magistrate Judge for pre-trial handling.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
United States District Judge

June 1, 2020
Charleston, South Carolina