# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Demetric Hardaway, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 8:20-cv-00149-RMG |
| Lori Myers, ) | **ORDER** |
| Defendant. ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") (Dkt. No. 55) of the Magistrate Judge recommending the Court deny Defendant's motion to dismiss, or in the alternative, motion for summary judgment. (Dkt. No. 40). For the reasons stated below, the Court adopts the R & R as the Order of the Court and denies Defendant's motion.

**I.     Background**

Demetric Hardaway ("Plaintiff") is proceeding *pro se* and *in forma pauperis* and filed the instant action on January 15, 2020. (Dkt. No. 1). Plaintiff filed an Amended Complaint on February 28, 2020. (Dkt. No. 11). The Court dismissed all of Plaintiff's claims except a First Amendment Retaliation Claim pursuant to 42 U.S.C. § 1943. (Dkt. No. 23). The allegations in the Complaint relate to Plaintiff's incarceration at MacDougall Correctional Institution. (Dkt. No. 11). On May 30, 2019, Plaintiff filed an inmate grievance outlining the inadequate work conditions of his litter control crew work assignment. (Dkt. No. 40-4 at 3). Plaintiff alleges that after he filed his grievance, Defendant Lori Myers ("Defendant") removed him from the litter control crew work assignment and on June 11, 2019, Plaintiff was reassigned to the chicken farm work crew. (Dkt. No. 23 at 9-10, 13).

1

Defendant filed a motion to dismiss for failure to state a claim, or in the alternative, motion for summary judgment on November 2, 2020. (Dkt. No. 40). Plaintiff filed a response in opposition, filed by Defendant's reply. (Dkt. Nos. 50, 53). The Magistrate Judge issued an R & R on February 10, 2021 recommending the Court deny Defendant's motion. (Dkt. No. 55). No objections to the R & R were filed. The matter is ripe for the Court's review.

## II. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding in forma pauperis. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### C. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a de novo review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). No objections were filed and the R & R is reviewed for clear error.

    **I.    Analysis**

Defendant sets forth several arguments as to why Plaintiff's § 1983 retaliation claim should be dismissed.[1] Defendant argues that Plaintiff failed to exhaust administrative remedies as to his retaliation claim. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life . . .". *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). Exhaustion is defined by each prison's grievance procedure, and a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . .". *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). An inmate's failure to properly take each step within the administrative process bars,

---

[1] The Magistrate Judge correctly determined that two of Defendant's arguments in the instant motion are irrelevant. (Dkt. No. 55 at 17, 19). Defendant argues Plaintiff fails to state a claim upon which relief may be granted as to the § 1983 retaliation claim. (Dkt. No. 40-1 at 9-13). The Magistrate Judge points out that the Court previously issued an Order on this issue, finding "that Plaintiff sufficiently states a claim of retaliation for filing a grievance in violation of his First Amendment right to petition the government." (Dkt. No. 23 at 10). In addition, Defendant argues that to the extent Plaintiff attempts to assert claims against Defendant in her official capacity, such a claim is barred by the South Carolina Tort Claims Act. The Magistrate Judge determined this argument is inapplicable as the only remaining claim in this action is Plaintiff's § 1983 retaliation claim. (Dkt. No. 55 at 19).

and does not just postpone suit under § 1983. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

An inmate need not demonstrate exhaustion of administrative remedies in his complaint. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Instead, failure-to-exhaust is an affirmative defense that the defendant must raise. *Id*. In South Carolina, courts have found an inmate exhausts his administrative remedies when he completes all steps out of a prison's grievance procedure, and that § 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. *Ayre v. Currie*, No. 05-3410, 2007 WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No.2: 05-2187-DCN-RSC, 2006 WL 1341267, at *4 n.3 (D.S.C. May 15, 2006).

In the instant case, the SCDC Inmate Grievance System indicates that an inmate seeking to file a grievance on issues related to confinement, is generally required to attempt to resolve the grievance informally through a Request to Staff Member form ("RTSM") to the appropriate supervisor or staff member within eight days of the incident. *See* SCDC Policy GA-01.12 at ¶ 13.2.[2] Thereafter, if the problem remains, the inmate may then file a Step 1 Grievance within eight days of receiving a response to the RTSM. *Id.* "A copy of the RTSM must be attached to the Step 1 grievance form." *Id.* "If the inmate has failed to provide necessary information . . . he will be given five (5) calendar days to re-file a properly filled out grievance . . ." *Id.* at ¶ 13.3. Inmates may then appeal an SCDC decision as to the Step 1 Grievance by filing a Step 2 Grievance. *Id.* at ¶ 13.7.

Defendant argues Plaintiff failed to properly initiate a grievance related to his transfer from the litter control work program to the agricultural work program in 2019. (Dkt. No. 40-1 at

---

[2] (Dkt. No. 40-5 at ¶ 6 citing to www.doc.sc.gov/policy/GA-01-12.htm.pdf).

8). Defendant indicates Plaintiff only "casually mentioned" his reassignment to the agricultural work program in his Step 2 Grievance related to the work conditions on the litter control crew. (*Id.*)  In his Affidavit, Mr. Anderson states that from August 13 to present, Plaintiff filed no grievances relating to his transfer from one work crew to another. (Dkt. No. 40-5 at ¶ 16).  Mr. Anderson states that Plaintiff only filed two grievances in 2019 that appear to be his Step 1 and Step 2 grievances relating to the litter control work crew's conditions, and an August 2019 grievance relating to the food quality of food provided to inmates at MacDougall. (*Id.*).  Mr Anderson notes that Plaintiff referenced a transfer between work crews in a Step 2 grievance he filed relating to the working conditions of the litter control crew. (*Id.*).  Mr. Anderson indicates that Plaintiff's reference does not comply with SCDC's grievance procedure because Plaintiff did not attempt an informal resolution or file a Step 1 Grievance relating to his transfer. (*Id.*).

The record reflects that Plaintiff made initial complaints regarding the conditions of the litter control crew on May 17, 2019, by a kiosk submission.  (Dkt. No. 40-4 at 5).  Associate Warden Hopkins responded to the complaint on May 21, 2019 noting he had spoken with Defendant and Associate Warden Storm regarding Plaintiff's concerns and the matter would be addressed. (*Id.*).  In a Step 1 Grievance MACD-0067-19 signed on May 30, 2019, Plaintiff followed up on his complaints regarding the litter crew working conditions. (Dkt. No. 40-4 at 3). Plaintiff was removed from the litter control crew and reassigned to the agricultural work program on June 11, 2019. (40-2 at 2).  On June 25, 2019, Plaintiff signed a Step 1 Grievance regarding his removal from the litter control crew after filing his grievance and his reassignment to the chicken farm. (Dkt. No. 50-2).  This Step 1 Grievance also states that "the purpose of the complaint is to show and/or establish cause that Captain Myers engaged in Employee Misconduct and/or a Lesser Included Offense." (*Id.*).  This Step 1 Grievance was processed by

Francis Johnson and noted "same as grievance MACD-0067-19." (*Id.*). On June 26, 2019, Plaintiff received the Warden's decision with respect to his Step 1 Grievance about the litter control crew conditions. (Dkt. No. 40-4 at 4). In a Step 2 Grievance received by SCDC on June 27, 2019, Plaintiff noted he was "dissatisfied with the Warden's decision" regarding the litter control crew working conditions and "for purposes of offering general information, in an act of retaliation this administration removed me from the job assignment in question, almost immediately after I filed the initial complaint." (Dkt. No. 40-4 at 1). Upon a review of the record and viewing the evidence in a light most favorable to the non-moving party, the Court finds the Magistrate Judge correctly determined that it would appear Plaintiff exhausted his administrative remedies as to his retaliation claim and at the least, a genuine issue of material fact exists as to whether Plaintiff exhausted his administrative remedies.

Defendant also argues that she is entitled to qualified immunity. Qualified immunity protects public officials from civil liability for the acts done in the pursuance of their duties "provided their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When determining whether an officer is entitled to summary judgment on the basis of qualified immunity, courts engage in a two-pronged inquiry. *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015). The first prong concerns whether the facts, viewed in a light most favorable to the non-moving party, demonstrate that the officer's conduct violated a federal right. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The second prong concerns whether the "right was clearly established at the time the violation occurred such that a reasonable person would have known that his conduct was unconstitutional." *Smith*, 781 F.3d at 100. A right is "clearly established" if the "contours of the right [are] sufficiently clear that a reasonable official would

understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

District judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a court decides in the negative the first prong it considers . . . the court need not consider the other prong of the qualified immunity analysis. *Id.*; *Torchinsky v. Siwinski, 942 F.2d 257, 260* (4th Cir. 1991).

Upon a review of the record and viewing the evidence in a light most favorable to the non-moving party, the Court finds the Magistrate Judge correctly determined Defendant failed to meet her burden as to either prong of the qualified immunity analysis on summary judgment. Plaintiff has stated a First Amendment retaliation claim. Defendant has offered evidence related to Plaintiff's exhaustion of administrative remedies, but the record does not reflect evidence as to the merits of Plaintiff's First Amendment retaliation claim. Regarding the second prong of the qualified immunity analysis, the Fourth Circuit held that "an inmate's First Amendment right to be free from retaliation for filing a grievance [is] clearly established . . . ." *Booker v. S. C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). The Magistrate Judge correctly determined that Defendant failed to demonstrate she is entitled to qualified immunity on summary judgment. (Dkt. No. 55 at 18). Plaintiff has demonstrated there are genuine issues of material fact as to her § 1983 retaliation claim.

**II.     Conclusion**

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 55) and **DENIES** Defendant's motion to dismiss or in the alternative, motion for summary judgment (Dkt. No. 40).

AND IT IS SO ORDERED.

  s/Richard Mark Gergel_____
Richard Mark Gergel
United States District Judge

March 3, 2021
Charleston, South Carolina