**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDRESON/GREENWOOD DIVISION**

| | |
|---|---|
| Demetric Hardaway, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>Lori Myers, )<br>)<br>)<br>  Defendant. )<br>_____ ) | Civil Action No. 8:20-cv-00149-RMG<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court upon the Report and Recommendation ("R & R ") of the Magistrate Judge, recommending the Court grant Defendants' motion for summary judgment. (Dkt. No. 78). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

I.   **Background**

Demetric Hardaway, ("Plaintiff") filed this action proceeding *pro se* and *in forma pauperis*. (Dkt. No. 1). Plaintiff filed an Amended Complaint on February 28, 2020. (Dkt. No. 11). All of Plaintiff's claims have been dismissed by the Court except Plaintiff's First Amendment retaliation claim against Defendant Lori Myers. (Dkt. No. 23). Plaintiff alleges that while incarcerated at MacDougall Correctional Institute ("MacDougall"), Defendant removed Plaintiff from a work assignment with the litter crew and reassigned him to the chicken farm after Plaintiff filed a grievance alleging he was subjected to unhealthy, hazardous, and unsanitary work conditions on the litter crew. (*Id.* at 9-10, 13). On May 7, 2021, Defendant filed a motion for summary judgment. (Dkt. No. 67). Plaintiff filed a response in opposition. (Dkt. No. 73). On August 27, 2021, the Magistrate Judge issued an R & R recommending the Court grant Defendant's motion for summary

1

judgment. (Dkt. No. 78). On September 10, 2021, Plaintiff filed objections to the R & R. (Dkt. No. 81). The matter is ripe for the Court's review.

## II.     Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff filed objections, and the Court will review the R & R *de novo*.

### III. <u>Discussion</u>

Upon a careful review of the record, the R & R, and Plaintiff's objections to the R & R, the Court finds the Magistrate Judge comprehensively analyzed the issues to determine that there is no genuine issue of material fact and Defendant's motion for summary judgment should be granted. Plaintiff's sole remaining claim is a First Amendment retaliation claim for Defendant allegedly transferring him from the litter crew to the chicken farm.

To prove a First Amendment retaliation claim pursuant to § 1983, a Plaintiff must prove the following:

> First, the plaintiff must demonstrate that his or her speech was protected. *Huang v. Bd. of Governors*, 902 F.2d 1134, 1140 (4th Cir. 1990). Second, the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech. *See ACLU of Md., Inc. v. Wicomico Cty., Md.*, 999 F.2d 780, 785 (4th Cir. 1993) (stating that "a showing of adversity is essential to any retaliation claim."). Third, the plaintiff must establish that a causal relationship exists between its speech and the defendant's retaliatory action. *See Huang*, 902 F.2d at 1140.

*Booker v. Lewis*, No. 2:17-cv-02165-DCC, 2019 WL2117752, at * 2 (D.S.C. May 15, 2019). A plaintiff must show that the defendant's actions adversely impacted him. *ACLU*, 999 F.2d at 785. To establish a retaliation claim, a plaintiff must show that he suffered some harm in response to the exercise of a constitutionally protected right." *Mitchell v. Murray*, 856 F. Supp. 289, 294 (E.D. Va. 1994). "[F]or purposes of a First Amendment retaliation claim under § 1983, a person suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005). The retaliatory act must "chill, impair, or deny [an inmate's] right to exercise his constitutional right." *Ballance v. Young*, 130 F. Supp.2d 762, 770 (W.D. Va. 2000).

Upon a careful review of the pleadings and the record, the Court finds the Plaintiff has not demonstrated that Defendant's alleged retaliatory action would not deter a person of ordinary firmness from the exercise of pursuing a grievance. Plaintiff first began to submit written complaints regarding the litter crew working conditions in May 2019. (Dkt. No. 67-4 at 1). Plaintiff filed a Step 1 Grievance regarding the same on May 30, 2019. (*Id.* at 2-3). In her Affidavit, Defendant states she discussed with Plaintiff the concerns contained in Plaintiff's Step 1 Grievance. (Dkt. No. 67-3 at ¶ ¶ 10-13). Defendant states she brought these concerns to the attention of the litter crew supervising officer and ordered that Plaintiff's concerns be addressed immediately. (*Id.* at ¶ 14). Defendant states she explained to Plaintiff that Plaintiff's concern regarding the litter crew's meals could not be addressed by Defendant because the meals are regulated by SCDC statewide. (*Id.* at ¶¶ 15-16). Defendant states that Plaintiff then told Defendant he did not intend to report for work on the litter crew. (*Id.* at ¶¶ 18-19).

When an inmate fails to report to a work assignment without an excuse, he is subject to disciplinary action per SCDC policy. (Dkt. Nod. 67-3 at ¶ 20; 67-6 at ¶¶ 16-17). Disciplinary actions can affect an inmate's ability to be transferred to other institutions or county detention centers. (Dkt. No. 67-3 at ¶ 21). In her Affidavit, Defendant states she did not want Plaintiff to be subject to disciplinary action for failing to report to his litter crew work assignment or have this interfere with his attempt to be transferred, so she directed he be transferred to the farm crew operated out of MacDougall. (Dkt. No. 67-3 at ¶¶ 23-24). Defendant states she did not believe it would be helpful to have someone with the mindset of Plaintiff out on litter crew because it would affect the other crew members and potentially prompt other inappropriate conduct by crew members. (*Id.* at ¶ 25).

Plaintiff was transferred to the chicken farm in June 2019. (Dkt. No. 67-2 at 2). Plaintiff alleges he was projected to apply for a designated facility transfer on July 14, 2019, which would allow him to receive inmate pay. (Dkt. No. 11 at 7). Plaintiff alleges his work reassignment to the chicken farm would hinder him from meeting the facility transfer and set him back six months. (*Id.*). After Plaintiff was transferred, he filed three ARTSMs regarding the litter crew's work conditions and his transfer to the chicken farm. (Dkt. No. 67-8). Plaintiff filed a Step 2 Grievance related to the conditions at MacDougall and referenced his transfer to the chicken farm. (Dkt. No. 67-9). In addition, Plaintiff initiated the present lawsuit. (Dkt. No. 1).

Upon a careful review of the record and viewing the evidence in a light most favorable to Plaintiff as the non-moving party, the Court finds Plaintiff has failed to present evidence to demonstrate he was harmed because of the transfer between work assignments. In his objections to the R & R, Plaintiff states the chicken farm was the least desirable assignment due to a shortage of inmate workers and limited breaks. (Dkt. No. 81 at 2). Yet, prisoners do not have a

constitutional right to work or cell assignments." *Easter v. Inman*, C/A No. 2:04-cv-00290, 2006 WL 5915504, at * 7 (E.D. Va. Sept. 22, 2006) (citing *Gaston v. Taylor*, 946 F.2d 340 (4th Cir. 1991); *Altizer v. Paderick*, 569 F.2d 812, 813-14 (4th Cir. 1978) (holding custody classifications and work assignments are generally within the discretion of the prison administrator); *Jackson v. LaManna*, 2007 WL 1862371 (D.S.C. 2007) (stating that "[a]ll inmate job assignments are subject to the institution's needs, and inmates do not have any fundamental constitutional right to any specific work assignment").

Plaintiff objects to the R & R, stating that he does not have to prove he was deprived of his First Amendment rights to establish a First Amendment retaliation claim. (Dkt. No. 81 at 2). First Amendment retaliation is actionable because "retaliatory actions may tend to chill individuals' exercise of constitutional rights.'" *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (citing *ACLU of Md., Inc. v. Wicomico Cnty, Md.*, 999 F.2d at 780, 785 (4th Cir. 1993). At the same time, not all retaliatory conduct does so and a Plaintiff seeking to recover for retaliation must show that the Defendant's conduct resulted in something more than a "de minimis inconvenience" to the exercise of First Amendment rights. Yet, a plaintiff need not prove the alleged retaliatory conduct caused her to cease First Amendment activity altogether. *Id.* For purposes of a First Amendment retaliation claim under §1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter "a person of ordinary firmness" from the exercise of First Amendment rights. *Id.*

The Court agrees with the R & R that Plaintiff has failed to demonstrate evidence that establishes Defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from pursuing a grievance. Plaintiff does not present any evidence he was harmed by the transfer to the chicken farm and Plaintiff continued to file ARTSMs, a Step 2 grievance, and a

lawsuit. Plaintiff presents no evidence related to his claim he was to receive a facility transfer on July 14, 2019 and whether he would have received that transfer had he not been reassigned to the chicken farm. Thus, there is no issue of material fact that Plaintiff fails to prove the alleged retaliatory action was likely to deter a person of ordinary firmness from exercising his First Amendment rights and Defendant's motion for summary judgment is granted.

## IV.     Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 78). Defendants' motion for summary judgment is **GRANTED**. (Dkt. No. 67).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

September 22, 2021
Charleston, South Carolina